IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-00214-01-CR-W-HFS |
| ) | |
| BRIAN E. JONES, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Brian E. Jones's Motion to Dismiss Indictment (Doc. #47). Defendant Jones requests that the Court dismiss the Indictment brought against him arguing that the United States has violated 18 U.S.C. § 4241(d) and the Due Process Clause of the Fifth Amendment. For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On August 27, 2020, the Grand Jury returned a one-count Indictment charging defendant Brian E. Jones with Felon in Possession of a Firearm.

On February 23, 2022, a hearing was held before the undersigned with respect to a letter filed on February 10, 2022, which the defendant sent to the Clerk of Court. The defendant appeared confused in the letter. At the hearing, the Court was advised that earlier that day, defense counsel filed a Motion for Determination of Mental Competency which requested that the Court order a psychiatric or psychological examination of the defendant relating to the defendant's mental ability to understand the proceedings presently pending against him and to properly assist

in his own defense. On February 25, 2022, the undersigned ordered that defendant Jones undergo a psychiatric or psychological examination.

Defendant Jones was examined at the Federal Detention Center in Englewood, Colorado. On July 5, 2022, a Forensic Evaluation was filed with the Court. On July 8, 2022, a competency hearing was held before the undersigned. The undersigned recommended that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Jones is incompetent. On August 3, 2022, the Honorable Howard F. Sachs entered an Order finding that defendant Jones is presently suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. The Order committed the defendant to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d).

On June 30, 2023, defense counsel filed the pending Motion to Dismiss Indictment (Doc. #47) based on the fact that defendant Jones had not yet been transported to a suitable facility for hospitalization and treatment. The government filed its response (Doc. #51) on August 15, 2023, stating that the defendant is to be evaluated at MCFP Springfield when an open bed space becomes available. Defense counsel filed a reply (Doc. #52) on August 23, 2023, and supplemental briefing (Doc. #53) on September 23, 2023. On October 5, 2023, the Court was notified by the United States Marshals Service that defendant Jones was en route to MCFP Springfield.

## II. DISCUSSION

As set out in 18 U.S.C. § 4241(d), once a district court finds that a defendant is incompetent, the statute directs the court to commit the defendant to the custody of the Attorney

General. The statute next provides:

> . . . The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> > (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward . . . .

18 U.S.C. § 4241(d)(1).

Defendant Jones argues that the four-month time limit imposed by section 4241(d)(1) began to run when the district court ordered him committed to the custody of the Attorney General for placement in a suitable hospital facility. Given that those four months have long since passed, the defendant contends that his rights under section 4241(d) have been violated requiring a dismissal of the charges against him. The government responds that the time awaiting a slot at a suitable facility is not included in the four-month time limit.

While there is some limited support for defendant Jones's position that the four-month clock set out in section 4241(d) has run,[1] most courts have determined that the four-month clock does not start until the defendant has been admitted into a medical facility. *See United States v. Donnelly*, 41 F.4th 1102, 1105 (9th Cir. 2022) (holding that the four-month limitation applies only to the actual period of hospitalization); *United States v. Reeves*, --- F. Supp. 3d ---, 2023 WL 5736944, at *3 (W.D. N.C. Sept. 5, 2023); *United States v. Vanarsdale*, Case No. 22-10103-JWB, 2023 WL 5094011, at *2 (D. Kan. Aug. 9, 2023); *United States v. Berard*, --- F. Supp. 3d ---, 2023 WL 3178793, at *6 (D.N.H. May 1, 2023) ("Section 4241(d)'s clock began when the government placed Berard in a suitable facility."); *United States v. Lara*, --- F. Supp. 3d ---, 2023 WL 3168646, at *3 (D.N.M. Apr. 28, 2023) ("This language is specific and expressly ties the stated timeframe

---
[1] *See United States v. Carter*, 583 F.Supp.3d 94, 100-02 (D.D.C. 2022).

3

(four months) to the period of *hospitalization*, not the period Defendant spends in the custody of the Attorney General before admittance to a Bureau of Prisons (BOP) facility.") Given this authority, the Court finds that the four-month time limit imposed by section 4241(d)(1) did not begin to run until defendant Jones arrived at MCFP Springfield. Defendant Jones has not shown that the government failed to comply with section 4241(d). Thus, the indictment cannot be dismissed on this basis.

Defendant Jones also argues that the delay in transportation violated his due process rights. In *Jackson v. Indiana*, 406 U.S. 715, 731 (1972), the Supreme Court held that the "indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial does not square with the Fourteenth Amendment's guarantee of due process." Courts have interpreted *Jackson* to require that the time for transportation to competency restoration treatment must be reasonable to comport with due process. *See United States v. Donnelly*, 41 F.4th 1102, 1106 (9th Cir. 2022); *United States v. Reeves*, --- F. Supp. 3d ---, 2023 WL 5736944, at *3 (W.D. N.C. Sept. 5, 2023); *United States v. Calderon-Chavez*, --- F. Supp. 3d ---, 2023 WL 5345582, at *11 (W.D. Tex. Aug. 18, 2023); *United States v. Vanarsdale*, Case No. 22-10103-JWB, 2023 WL 5094011, at *3 (D. Kan. Aug. 9, 2023); *United States v. Lara*, --- F. Supp. 3d ---, 2023 WL 3168646, at *5 (D.N.M. Apr. 28, 2023). Here, fourteen months elapsed between the Court's order committing defendant Jones to the custody of the Attorney General for treatment and defendant Jones's transportation to a suitable facility.[2] Fourteen months is beyond a reasonable period of time for

---

[2] The failure to hospitalize defendant Jones in a timely manner was not due to oversight. Rather, the delay appears to be systemwide. The *Donnelly* court wrote:

> The BOP . . . is currently experiencing a significant backlog in placing defendants in suitable facilities for treatment, as § 4241(d) requires. The lack of available bed space has led to long delays between the time a district court finds a defendant not

4

transportation to treatment to restore competency. *See Donnelly*, 41 F.4th at 1106 ("whatever the outer of limit of § 4241(d), the length of Donnelly's confinement [more than eight months] exceeds it"); *Reeves*, 2023 WL 5736944, at *3 ("*Jackson*'s 'reasonable relation' requirement simply cannot be squared with a pre-hospitalization delay of at least nine months, the <u>estimated</u> time before Defendant will be hospitalized."); *Calderon-Chavez*, 2023 WL 5345582, at *11 ("a delay of the length Defendant has endured here [nine months] violates the Due Process Clause"); *United States v. Wazny*, 3:21-CR-247, 2022 WL 17363048, at *5 (M.D. Pa. Dec. 1, 2022) ("while the time limit within which a defendant must be admitted to a suitable facility is not fixed, eight months facially offends basic due process principles and is presumptively unreasonable").

However, even if defendant Jones's due process rights have been violated by this delay, dismissal of the indictment is not an appropriate remedy. As recently stated by the court in *Calderon-Chavez*:

> [C]ourts have . . . uniformly held that the remedy for such due process violations is not to *dismiss* the indictment as Defendant requests in his Motion—at least not right away. Courts have instead unanimously agreed that the first step is to order the Government to admit the defendant to a psychiatric facility by a specified date. Only if the Government misses that deadline may it then be appropriate to dismiss the indictment.

*United States v. Calderon-Chavez*, --- F. Supp. 3d ---, 2023 WL 5345582, at *11 (footnotes omitted). *Accord United States v. Donnelly*, 41 F.4th 1102, 1106-07 (9th Cir. 2022) (while the court declined to dismiss the indictment, it ordered the defendant to be hospitalized within seven

---

competent to stand trial and the defendant's hospitalization for treatment and evaluation.

*United States v. Donnelly*, 41 F.4th 1102, 1104 (9th Cir. 2022).

days, with a warning that dismissal may follow a failure to comply); *United States v. Reeves*,³ --- F. Supp. 3d ---, 2023 WL 5736944, at *5 (W.D. N.C. Sept. 5, 2023) (directing the United States to report to the court within two weeks as to whether the defendant has been admitted to a suitable facility, with a warning that absent a showing that the defendant's due process rights are no longer being violated, the indictment is subject to dismissal without further notice); *United States v. Vanarsdale*, Case No. 22-10103-JWB, 2023 WL 5094011, at *3 (D. Kan. Aug. 9, 2023) ("the remedy routinely issued by courts is an order requiring the government to admit the defendant to a suitable facility within a specified time period"); *United States v. Lara*, --- F. Supp. 3d ---, 2023 WL 3168646, at *6 (D.N.M. Apr. 28, 2023) ("The Court warns the United States in no uncertain terms that if Defendant is not admitted to FMC Butner or a suitable facility within seven days of the entry of this order, dismissal of the indictment is highly likely to follow.")

Given that defendant Jones has recently been transferred to MCFP Springfield, there is no reason for the Court to enter an order requiring the government to transport him to a suitable facility within a specified time period or risk dismissal.⁴ The motion to dismiss based on a

---

³This is the case provided by defendant Jones in his Notice of Supplemental Authority in Support of Motion to Dismiss Indictment (Doc. #53). In this Notice of Supplemental Authority, defendant Jones requested that the Court "either dismiss the Indictment against him or order his prompt transfer to a suitable facility for restoration." (Doc. #53 at 4.)

⁴In *United States v. Berard*, --- F. Supp. 3d ---, 2023 WL 3178793 (D.N.H. May 1, 2023), the court stated:

> Berard has already been hospitalized. Therefore, the government has provided the remedy—hospitalization—that courts most commonly order when the government has failed to timely transport a committed defendant to a hospital. And neither this court nor Berard has been able to identify any case where a court has dismissed an indictment for lack of a timely transport <u>after</u> the government has admitted the defendant to a suitable facility. Accordingly, the court finds that dismissal of the indictment is not an appropriate response at this juncture.

violation of the defendant's due process rights should be denied.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Jones's Motion to Dismiss Indictment (Doc. #47).

Counsel are reminded they have fourteen days from the date of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge

---

2023 WL 3178793, at *8 (footnote omitted). *See also United States v. Vanarsdale*, Case No. 22-10103-JWB, 2023 WL 5094011, at *3 (D. Kan. Aug. 9, 2023) ("[T]he remedy routinely issued by courts is an order requiring the government to admit the defendant to a suitable facility within a specified time period. . . . Such a remedy is not necessary here as Defendant has already been transferred to the facility. Therefore, Defendant's motion to dismiss the indictment is denied.")

7